**IN THE UNITED STATES DISTRICT COURT  
FOR THE NORTHERN DISTRICT OF TEXAS  
FORT WORTH DIVISION**

| | |
|---|---|
| DESHAWN MCGRAW, § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | Civil Action No. 4:07-CV-246-A |
| NATHANIEL QUARTERMAN, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| Respondent § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION  
OF THE UNITED STATES MAGISTRATE JUDGE  
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner Deshawn McGraw, TDCJ-ID #1293996, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Dilley, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C. FACTUAL AND PROCEDURAL HISTORY

In 2004, McGraw, a habitual offender, was charged by indictment with assault on a public

servant in Case No. 0917808D in the 297th District Court of Tarrant Count, Texas. (Clerk's R. at 2) On March 10, 2005, a jury found McGraw guilty of the charged offense, and the trial court assessed his punishment at twenty-five years' confinement. (*Id*. at 59) McGraw appealed his conviction, but the Tenth Court of Appeals of Texas affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused his petition for discretionary review. *McGraw v. Texas*, No. 10-05-00173-CR, slip op. (Tex. App.–Waco Jan. 25, 2006) (not designated for publication); McGraw v. Texas, PDR No. 0445-06. McGraw filed two state applications for habeas corpus relief challenging his conviction and raising one or more of the claims presented herein. The first was dismissed because McGraw's direct appeal was still pending when the application was filed. *Ex parte McGraw*, State Habeas Application No. WR-64,642-01, at cover. The second was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court. *Ex parte McGraw*, State Habeas Application No. WR-64,642-02, at cover. This federal petition for habeas relief followed.

The evidence at trial reflected that, on the night in question, Fort Worth Police Officer Sara Straten initiated a traffic stop of McGraw. McGraw did not have a driver's license or proof of insurance. Officer Straten asked McGraw to get out of the vehicle and into the back seat of her patrol car, while she questioned him about his identity. A second officer, Officer B. K. Selvey, arrived to assist and directed Officer Straten's attention to a plastic baggy she found in plain view on the floorboard of McGraw's car. McGraw saw the baggy, said, "Oh, shit," knocked Officer Straten to the ground and ran. He was apprehended shortly thereafter. (3Reporter's R. at 5-27, 34-50)

D. ISSUES

McGraw raises four grounds for relief. He claims (1) the state appellate courts refused to apply the proper factual sufficiency standard upon his request, (2) he received ineffective assistance of counsel at trial, (3) the trial court answered a question that only his trial counsel could answer, and (4) the state withheld a videotape that would have proved his innocence. (Petition at 7-8)

E. RULE 5 STATEMENT

Quarterman asserts that McGraw has sufficiently exhausted his state remedies as to his claims, except for his first claim enumerated above. (Resp's Answer at 4)

F. DISCUSSION

1. Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

The Act further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue

3

made by a state court shall be presumed to be correct. 28 U.S.C. § 2254(e)(1). Factual determinations by a state court are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(2), (e); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion, as here, it is an adjudication on the merits, which is entitled to this presumption. *See Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

### 2. Factual Insufficiency of the Evidence

McGraw claims the Tenth Court of Appeals and the Texas Court of Criminal Appeals refused to apply the proper factual insufficiency-of-the-evidence standard. (Pet'r Memorandum at 2-5) Factual insufficiency is a standard rooted in Texas state law, and which applies a more stringent analysis for assessing sufficiency of the evidence than that required under the United States Constitution as described in *Jackson v. Virginia,* 443 U.S. 307 (1979). *See Clewis v. Texas*, 922 S.W.2d 126 (Tex. Crim. App. 1996). A factual insufficiency claim is not cognizable on federal habeas corpus review. *Woods v. Cockrell*, 307 F.3d 353, 358 (5th Cir. 2002).

### 3. Ineffective Assistance of Counsel

McGraw claims his trial counsel was ineffective by failing to conduct an independent investigation into his case and to interview the two officers before trial so as to discover information

4

for an adequate defense, including a police videotape that would have proved his innocence. (Pet'r Memorandum at 6-8)

A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI, XIV; *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Anders v. California*, 386 U.S. 738, 744 (1967). To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *Id.* at 687, 697.

The same judge who presided over McGraw's trial conducted the state habeas proceedings and entered findings and conclusions of law refuting McGraw's claims. *Ex parte McGraw*, State Habeas Application No. WR-63,781-02, at 71-74. Specifically, the state court found that there was no evidence that a videotape of the altercation existed, that his attorney did not investigate, or what his attorney would have discovered had he conducted additional investigation. *Id.*, Supp. R. at 3. The state court concluded that McGraw had failed to prove his attorney's representation fell below an objective standard of reasonableness. *Id.*

In his pleadings, McGraw makes no reference to the state court's findings and makes no effort to rebut the presumptive correctness of the findings. *See* 28 U.S.C. § 2254(d)(1); *Bell*, 535 U.S. at 698-99; *Haynes*, 298 F.3d at 379-82. Thus, deferring to the state court's findings, it does not appear that the state courts' application of *Strickland*'s attorney-performance standard was objectively unreasonable. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002). Without substantiation in the record, a federal court cannot consider a habeas petitioner's mere assertions on a critical issue in his

pro se petition to be of probative evidentiary value. *See Ross v. Estelle*, 694 F.2d 1008, 1011- 12 (5th Cir. 1983).

### 4. State Habeas Proceeding

McGraw claims the state habeas court should have conducted an evidentiary hearing before deciding his ineffective assistance claims. (Pet'r Memorandum at 12-14) Alleged deficiencies in state habeas proceedings are not a basis for federal habeas relief. *See Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999); *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995).

### 5. *Brady* Violation

McGraw claims the state withheld a police videotape in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), that would have proved his innocence. (Pet'r Memorandum at 14-16) As previously noted, the state habeas court found no evidence to support McGraw's assertion that a police videotape existed. A habeas petitioner's bald assertions on a critical issue, unsupported by anything in the record, do not raise a constitutional issue in a habeas proceeding. *See Ross*, 694 F.2d at 1011.

McGraw has failed to prove that he has been denied a constitutionally protected interest. The state courts' determination that McGraw was not entitled to relief does not appear to be contrary to, or involve an unreasonable application of, clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## II. RECOMMENDATION

McGraw petition for writ of habeas corpus should be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until August 7, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until August 7, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to

the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July 17, 2008.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE